IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| MARLIN E. JONES, | ) | 8:15CV432 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GLEN HAVEN HOME, and DEBORAH CLARK, Executive/Director Glen Haven Home, | ) | |
| Defendants. | ) | |

Plaintiff Marlin E. Jones, a resident of Iowa, filed this action on November 25, 2015, against Glen Haven Home in Glenwood, Iowa, and its executive director, Deborah Clark. Jones alleged Clark reported to police on July 27, 2015, that Jones had "threatened the life of a person." (Filing No. 1 at CM/ECF p. 1.) Jones complains Clark's report was false, and he seeks damages in the amount of $150,000.00 (Filing No. 1 at CM/ECF p. 3.)

None of the events of which Jones complains occurred in Nebraska, and so it is unclear why Jones chose to file his Complaint in this court. In any event, even if venue were proper here, it is apparent that this court lacks subject-matter jurisdiction over Plaintiff's Complaint. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant."

*Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Subject-matter jurisdiction may also be proper under 28 U.S.C. § 1331 where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).

Here, Jones has not alleged the parties reside in different states. In addition, he did not allege a cause of action under federal law. Therefore, jurisdiction does not exist under section 1331 or section 1332 and the court will dismiss this action without prejudice. The court will not provide Jones with an opportunity to file an amended complaint because the court has concluded that to do so would be futile.

IT IS THEREFORE ORDERED that: This case is dismissed without prejudice. The court will enter judgment by a separate document.

DATED this 25th day of February, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge